UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
|     FATEMEH NAJAFIAN | ) Case No. 09-18112-SSM |
| | ) Chapter 7 |
|                 Debtor | ) |
| | ) |
| CAPITAL ONE, N.A. | ) |
| | ) |
|                 Movant | ) |
| | ) |
| vs. | ) |
| | ) |
| FATEMEH NAJAFIAN, *et al*. | ) |
| | ) |
|                 Respondent | ) |

**MEMORANDUM OPINION**

Before the court is the motion of Capital One, N.A. ("Capital One"), as successor to Chevy Chase Bank, FSB ("Chevy Chase") for relief from the automatic stay to enforce a deed of trust against a condominium unit at 8340 Greensboro Drive, Unit 322, McLean, Virginia. Hearing on the motion was several times continued, sometimes at the request of the debtor and sometimes of the trustee. The trustee no longer opposes the motion, and Capital One seeks entry of an order terminating the automatic stay. Although the debtor has been granted a discharge, she opposes the requested relief based on various tort claims she has asserted against Chevy Chase and on the ground that Capital One is not the holder of the loan. For the reasons stated, the court concludes that the automatic stay is no longer in effect with respect to the debtor's

1

interest in the property and that termination of the stay with respect to the interest of the bankruptcy estate is appropriate.

## Background

Fatemeh Najafian ("the debtor") is an opthamologist. She filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 2, 2009, and received a discharge on January 11, 2010. Among the assets listed on her schedules was real property located at 8340 Greensboro Drive, Unit 322, McLean, Virginia. The debtor scheduled the value of the property at $76,770, subject to a deed of trust in favor of Chevy Chase in the amount of $265,892.97.

The present motion for relief from the automatic stay was filed by Capital One on October 29, 2009. (Doc. # 21). It alleged that the debtor was then two mortgage payments behind and that the payoff on its loan on the filing date was $268,800.00. The debtor filed a response on November 10, 2009. (Doc. # 26). In her response she asserted that Chevy Chase Bank, where she had two safe deposit boxes and at least one bank account, unlawfully froze funds in the account and deprived her of access to her safe deposit boxes. These safe deposit boxes, according to the debtor, contained important information and contracts relevant to a dispute she had with her former employer, other important personal and professional documents, and valuable jewelry.[1] The debtor also asserted that at the time the dispute regarding the safe deposit boxes arose, she had been paying her mortgage on time and had made advance payments.

---

[1] On April 14, 2010, the debtor filed a letter (Doc. # 93) with the court indicating that among the documents contained in her Chevy Chase safe deposit box were papers documenting that she had been exposed to harmful gases and fumes in her home and car. In the letter she asserts that these papers have not been turned over by Chevy Chase.

Response at 3.  The debtor does not, however, dispute that at the time the motion for relief from the stay was filed, she was in arrears on her mortgage payments.

On December 14, 2009 (Doc. # 52) the then Chapter 7 trustee, Robert O. Tyler, filed a response requesting a continuance so that he could have the condominium and other property appraised.[2]  On March 3, 2010, Mr. Tyler resigned as trustee and Kevin R. McCarthy was appointed as successor trustee.  At a continued hearing held on April 7, 2010, it was represented that Mr. McCarthy did not oppose the motion for relief.

Discussion

A.

The automatic stay is in the nature of a temporary injunction and comes into effect upon the filing of a petition under the Bankruptcy Code. § 362(a), Bankruptcy Code.  It bars—among other acts—the enforcement of a lien against property of the debtor and property of the estate. *Id.* § 362(a)(3).  Unless sooner terminated on motion of an affected party, the automatic stay terminates, as to the debtor and the debtor's property, when the debtor is granted or denied a discharge, and, as to the trustee's interest in property, when the property is no longer property of the bankruptcy estate.  *Id.* § 362(c)(1)(a), (2).  Although the automatic stay terminates as to the debtor on discharge, the discharge injunction bars enforcement of a discharged debt as a personal liability of the debtor.  *Id*. § 524(a)(2).  However, an otherwise valid lien, unless avoided or set aside during the bankruptcy, survives discharge and may be enforced *in rem* against the collateral.  *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66

---

[2] Mr. Tyler was actually the second trustee appointed in the case.  The case was first assigned to Donald F. King, who responded to Capital One's motion on November 20, 2009, and did not oppose the granting of relief. (Doc. # 31).  Four days later, Mr. King resigned and Mr. Tyler was appointed as successor trustee. (Doc. # 34).

(1991) (explaining that a discharge extinguishes only the personal liability of the debtor and that a creditor's right to foreclose on the mortgage survives the bankruptcy).

Given that the debtor received a discharge on January 11, 2010, the stay has been terminated as to her, but continues for the benefit of the trustee, who has not yet abandoned the property. Since at this point the automatic stay exists solely to protect the bankruptcy estate, the only party with standing to oppose the motion is the chapter 7 trustee. *See In re Sindram*, No. 08-00559, 2009 WL 361470 (Bankr. D. D.C. February 6, 2009) (in dicta stating a debtor who received a discharge had no standing to oppose a motion for relief from the automatic stay). Given that the trustee no longer opposes the relief sought by Capital One, termination of the automatic stay is justified under § 362(d)(1), Bankruptcy Code.

### B.

Some brief discussion is nevertheless appropriate to address the debtor's assertion that relief should be denied because she has valid claims against Chevy Chase for $5,000,000 to $8,000,000. (Doc. # 78 at 3).[3] The general rule is that the debtor's state law claims against secured creditors seeking relief from the automatic stay are not relevant in determining whether granting relief is appropriate. *In re Hurst*, 409 B.R. 79, 83 (Bankr. D. Md. 2009)("Courts are in general agreement that it is inappropriate to make final decisions concerning affirmative defenses and counterclaims on a motion for relief from the automatic stay.") (*citing Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 219 (4th Cir.1994)); *see also In re Dennison*, 50 B.R. 950, 954 (Bankr. E.D. Pa. 1985) (debtor's claim that the conveyance transferring title to secured creditor seeking relief from the stay was signed under duress was not relevant to determining whether relief should be granted). This might not be the case if the

---

[3] The debtor has since filed amended schedules valuing the claim at $4 million.

debtor's claims against Chevy Chase addressed the secured creditor's very right to foreclose, such as fraud in the inducement or violation of the Truth in Lending Act. *In re Dino & Arties Automatic Transmission Co.*, 68 B.R. 264, 267-68 Bankr. S.D.N.Y. 1986) (reciting the general rule, but denying relief from stay because debtor's claims addressed the validity of the moving creditor's lien against the property). Here, however, even though the debtor has asserted that she was driven into bankruptcy as a result of Chevy Chase's wrongdoing, her claims are independent of the validity of the deed of trust. It just happens that the debtor had a safety deposit box and bank account with the same institution that serviced her mortgage loan. Additionally, a summary proceeding such as a motion for relief from the automatic stay is not the appropriate context in which to consider the debtor's counterclaims against Chevy Chase. *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (1st Cir. 1994) (explaining that because a motion for relief from stay is a summary proceeding, an order granting relief has no preclusive effect on later litigation between the parties). If the trustee does not administer the debtor's claims against Chevy Chase and those are abandoned, either expressly[4] or by statute upon the closing of the case, they will revert to the debtor, who will be free to assert them in a non-bankruptcy forum. In any event, given that the trustee no longer opposes Capital One's motion for relief and that the automatic stay has terminated by operation of law with respect to the debtor's interest, there is no basis for not granting relief.

---

[4] The trustee has filed a notice of intent to abandon these claims. The debtor, in response, has filed an opposition which is set for hearing on May 25, 2010. In the context of the present motion, the court expresses no view as to the merits of the proposed abandonment. The court simply notes that, regardless of whether the claims are litigated by the trustee or by the debtor, relief from the automatic stay has no preclusive effect.

C.

One final point warrants at least brief comment. The debtor has asserted—certainly in oral argument, and possibly in her pleadings as well (although they are not always easy to follow) —that Capital One lacks standing to bring the present motion or to foreclose because her loan was sold to Fannie Mae in August 2004. The court directed Capital One to file a copy of the note and deed of trust with any endorsements and assignments. In response, Capital One filed an affidavit (Doc. # 49) of one Jeffrey R. Huston—whose connection, if any, with Capital One is not stated—identifying an attached exhibit as a true and accurate copy of the original note and asserting, in conclusory fashion and without elaboration, that Capital One "has the right to proceed with the motion." The note is dated June 15, 2004, in the original principal amount of $284,000, with interest at 6.375%, and is payable to B. F. Saul Mortgage Company. Also attached to the affidavit is a copy of a deed of trust, likewise dated June 15, 2004, from the debtor to Brenda E. Baker and Peter W. Cameron, Jr., Trustees, to secure Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee" for the lender, B. F. Saul Mortgage Company, with respect to the $284,000 note. The deed of trust shows that it was recorded on June 21, 2004, in the Clerk's Office of the Circuit Court of Fairfax County, Virginia, in Deed Book 16184, at Page 985. There are no endorsements or assignments reflecting transfer of the note or deed of trust from B. F. Saul Mortgage Company. However, print-outs from the Virginia State Corporation Commission's official web site are attached showing that B.F. Saul Mortgage Company changed its name to Chevy Chase Mortgage Company on April 3, 2009. The affidavit does not state the relationship, if any, of Chevy Chase Mortgage Company to Chevy Chase Bank, F.S.B. The official web site of the Federal Deposit Insurance Corporation, however,

reflects that Chevy Chase Bank, F.S.B. was merged into Capital One, National Association, on July 30, 2009.

Whether—if the automatic stay had not already terminated as to the debtor—the rather meager showing that Capital One has made would be sufficient to show that it is the actual holder of the note is an interesting question, but one which the court need not reach. Since the automatic stay is no longer in existence with respect to the debtor's interest, Capital One's standing to seek relief from the stay is moot. It is not moot, of course, with respect to the bankruptcy estate's interest in the property, but that interest can only be asserted by the trustee, not by the debtor. Since the trustee has not challenged Capital One's right to seek relief from the stay, there is no dispute for the court to resolve.

The court writes only to make the point that in terminating the automatic stay as to the trustee's interest, the court has made no determination as to whether Capital One actually has the right to foreclose. The purpose of the automatic stay is to maintain the status quo until the rights of the creditor, the debtor, and the estate can be sorted out. In the context of a reorganization case, that sorting out will generally take place in the bankruptcy court. But in a chapter 7 case in which the trustee is not attempting to sell or otherwise administer the property, any sorting out of the creditor's right to enforce a lien against property of the debtor is properly addressed in most instances to the state courts. Accordingly, nothing in this opinion should be read as precluding the debtor from challenging, before the appropriate state court, Capital One's standing to enforce the deed of trust.

A separate order will be entered consistent with this opinion.

Date: _____    _____
                                                Stephen S. Mitchell
Alexandria, Virginia                            United States Bankruptcy Judge

Copies to:

Eric David White, Esquire
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Counsel to Capital One, N.A.

Fatemeh Najafian
8340 Greensboro Drive
#322
McLean, VA 22102
Debtor *pro se*

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
8080 Greensboro Dr., Suite 875
McLean, VA 22102
Chapter 7 trustee