UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                          )
                                )
   FATEMEH NAJAFIAN               )      Case No. 09-18112-SSM
                                )      Chapter 7
           Debtor             )

**MEMORANDUM OPINION AND ORDER**

Before the court is the debtor's objection to the trustee's proposed abandonment of tort claims that she has asserted against Chevy Chase Bank. A hearing was held on May 25, 2010, at which the debtor (who is representing herself) and the trustee each appeared. For the reasons stated, the objection will be overruled.

Background

Fatemeh Najafian ("the debtor") is a board-certified opthamologist whose employment with a medical practice group was terminated prior to the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on October 2, 2009. She received a discharge on January 11, 2010. In response to a motion by Capital One, N.A. ("Capital One"), as successor to Chevy Chase Bank, FSB ("Chevy Chase"), for relief from the automatic stay to enforce a deed of trust against a condominium unit she owns, the debtor asserted that Chevy Chase—which was also the institution where she banked and kept a safe deposit box—had essentially driven her into bankruptcy by, among other things, allowing a document crucial to the

1

arbitration of her employment termination to be removed from her safe deposit box at the bank.[1] She ultimately amended her schedule of assets on April 9, 2010, to list $4 million in tort claims against Chevy Chase. The current trustee—the third to serve in the case[2]—filed a notice on April 14, 2010, of his intent to abandon the claims. Two proofs of claim have been filed for student loan debt, one in the amount of $331,073.25 and the other in the amount of $333,140.37.[3]

Discussion

A chapter 7 trustee is charged with a number of duties, among which are to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." § 704(a)(1), Bankruptcy Code. Property of the estate includes the debtor's prepetition causes of action. *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir. 1984). This is true even if a claim, although maturing post-petition, is "sufficiently rooted in the pre-bankruptcy past" and "so little entangled with the bankrupt's ability to make an unencumbered fresh start" that deeming them property of the bankruptcy estate is warranted. *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). A trustee, however, is not required to administer property simply because it is part of a bankruptcy estate and may, after notice and a hearing, abandon property that is

---

[1] Following the debtor's discharge, the court granted relief from the automatic stay without deciding, and without prejudice to, the debtor's claims against Chevy Chase. *In re Najafian*, No. 09-18112, 2010 WL 1840300, 2010 Bankr. LEXIS 1508 (Bankr. E.D. Va., May 5, 2010). The debtor has noted an appeal of that ruling to the United States District Court for the Eastern District of Virginia.

[2] The trustee initially assigned to the case was Donald F. King. After he resigned, Robert O. Tyler was appointed as successor trustee on November 24, 2010. Eventually he too resigned, and Mr. McCarthy was appointed as trustee on March 3, 2010.

[3] Both proofs of claim appear to reference the same underlying debt.

burdensome to the bankruptcy estate or that is of inconsequential value and benefit to the estate. § 554(a), Bankruptcy Code. The effect of abandonment is to leave unaltered the prepetition interests in the property. Thus, where the property at issue consists of a cause of action belonging to the debtor, the debtor is free to prosecute it. Because abandonment simply returns property to the debtor, ordinarily the debtor would have no standing to oppose it. But in this case, given the existence of a large student loan debt that will—to the extent not paid by the trustee—likely survive the debtor's discharge,[4] the court concludes that the debtor has a direct financial interest in how the estate is administered sufficient to confer standing.

At the hearing, the trustee acknowledged being informed by the debtor that the safe deposit box—which he had not yet had an opportunity to examine—contained jewelry which, if sold, could be used to finance litigation of the debtor's claims against Chevy Chase. However, he advised the court that having reviewed the claims, he did not consider them sufficiently plausible to warrant the bringing of a lawsuit, even if there were money in the estate to finance the litigation. Unless it can be shown that a trustee's decision not to pursue a debtor's cause of action falls outside the range of sound business judgment, the court will not normally overrule a

---

[4] Student loan debts are nondischargeable unless the court determines that not discharging the debt "would impose an undue hardship on the debtor and the debtor's dependents." § 523(a)(8), Bankruptcy Code. This circuit has adopted the so-called *Brunner* test, which permits discharge of a student loan debt only upon a showing "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F2d 395, 396 (2nd Cir. 1987); *Educ. Credit Mgt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005) (formally adopting *Brunner* test, which opinion characterizes as setting a "high bar").

trustee's proposed abandonment. *In re Wilson,* 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) (overruling objection to trustee's proposed abandonment of debtor's cause of action against the objecting parties and stating that "a trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or capricious manner"). While a chapter 7 trustee must be even-handed and fair with respect to the interests of the debtor, the trustee is not the debtor's champion and is under no duty to right wrongs or pursue claims simply because the debtor would like to seem them pursued or cannot find an attorney willing to represent her. As the Supreme Court has observed, "[T]he trustee in bankruptcy is not obliged to maintain or continue every cause of action which the bankrupt may have." *Mayer v. Fleming*, 327 U.S. 161, 166 n.9, 66 S.Ct. 382, 385 n.9, 90 L.Ed. 595 (1946). In pursuing a debtor's claims, the trustee does so for the benefit of the creditors, not the debtor. Although Dr. Najafian no doubt sincerely feels that she has been wronged by Chevy Chase, a strong belief in the justice of one's cause does not necessarily equate to a meritorious case.

For the foregoing reasons, it is

**ORDERED:**

1. The debtor's objection to the proposed abandonment of her tort claims against Capital One, N.A., as successor to Chevy Chase Bank, FSB, is overruled, and the trustee is authorized to abandon the claims, without prejudice to the debtor's right to prosecute such claims in her own right.

      2.  The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____        _____
                                                                                       Stephen S. Mitchell
Alexandria, Virginia                                  United States Bankruptcy Judge

Copies to:

Fatemeh Najafian
8340 Greensboro Drive
#322
McLean, VA 22102
Debtor *pro se*

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
8080 Greensboro Dr., Suite 875
McLean, VA 22102
Chapter 7 trustee

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314